IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**STATE OF KANSAS,** *ex rel.***,**
**KRIS W. KOBACH, Attorney General,**

    **Plaintiff,**

v.

**MACQUARIE ENERGY LLC,**

    **Defendant.**

Case No. 23-4035-DDC-RES

## MEMORANDUM AND ORDER

Earlier this year, the Attorney General for Kansas filed a lawsuit in Kansas state court. The Petition, 50 pages long, accuses defendant Macquarie Energy LLC, of serious and substantial misconduct. Namely, Kansas claims that Macquarie deceptively manipulated the price of natural gas and thus violated the federal law known as the Commodity Exchange Act, 7 U.S.C. §§ 1–27f.  Doc. 1-1 at 46–49 (Pet. ¶¶ 134–150).  Macquarie removed the case to our court and then secured Kansas's agreement to:  (1) accept service as of St. Patrick's Day; and (2) establish a deadline about 60 days later for responding to the Petition.  *See* Doc. 1 at 1; Doc. 5 at 1.  Macquarie beat that deadline, filing its Motion to Dismiss (Doc. 10) on May 8, 2023.  That spawned the current dispute.

Specifically, Kansas asks the court to extend its deadline for responding to Macquarie's Motion to Dismiss by 90 days, until August 28, 2023.  *See* Doc. 21 ("Plaintiff State of Kansas' Motion for Extension of Time to File Reply to Defendant's Motion to Dismiss").  Macquarie opposes the motion but, alternatively, asks the court to limit any extension to 14 days.  Doc. 23 at 4.  The court grants Kansas's motion in part and denies it in part, extending the deadline for response by 60 days until July 29, 2023.  The court now explains its reasoning.

To begin with the obvious, this kind of dispute isn't one that precedent can resolve. Fed. R. Civ. P. 6(b)(1)(A) authorizes the court, "for good cause," to extend this deadline. What's "good cause" mean? At minimum, it requires "some justification for issuance of the extension." 4B Charles Alan Wright, et al., *Federal Practice and Procedure* § 1165 (4th ed. 2015). And the rule confers "wide discretion" to grant or deny requests made—as here—before the original deadline expires. *Id.* District courts should "liberally construe[]" Rule 6(b)(1), hoping "to advance the goal of trying each case on the merits." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016). Fed R. Civ. P. 1 also informs application of this rule, directing courts to apply Rule 6, like all the Federal Rules of Civil Procedure, "'to secure the just, speedy, and inexpensive determination of every'" case. *Id.* (quoting Fed. R. Civ. P. 1). Finally, the Circuit explains that "district courts should normally grant extension requests, made before the deadline, in the absence of bad faith by the requesting party or prejudice to another party." *Id.* (citing Wright & Miller, *supra*, § 1165, with approval). But "by no means [is an extension] a matter of right." *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017) (citation and internal quotation marks omitted).

Applying these principles is, at step one, a simple task. The court discerns no bad faith by Kansas and this Order will mitigate the prejudice to Macquarie appropriately. The court thus will grant Kansas an extension of time. But the real question—how long an extension—presents a thornier problem. Macquarie contends that 14 days should suffice. This approach would produce a June 13 deadline. Kansas professes to need more time—much more—asking for a deadline some 76 days later, August 28. The court concludes that a 60-day extension properly balances the competing arguments. Two considerations lead to this conclusion.

*First*, 60 additional days would establish a July 29 deadline.  That's 82 days after Macquarie filed its Motion to Dismiss.  Such a window for responding to an expansive, potentially case deciding motion like the one at issue here isn't extraordinary.  To be fair, however, it is on the longer side of extensions in similar situations.  But then again, Macquarie took 52 days to prepare and file its motion after initially securing Kansas's approval of 60 days to file that motion.  And Macquarie didn't face any continuity of counsel problems.  The difference between 60 days and 82 days isn't a material one, at least not at this early stage of the case.

*Second*, Kansas is responsible for some of its own predicament.  It chose to retain outside counsel to serve as lead counsel and then, "shortly after filing its initial petition," Kansas ended its relationship with that outside firm.  *See* Doc. 21 at 2.  Kansas never explains why this breakup occurred, though Macquarie asserts that the Attorney General's office is the one who ended the relationship.  Doc. 23 at 3.  The court need not parse the reasons why the relationship ended.  It's appropriate to infer that sophisticated lawyers like those leading the Attorney General's office must have known the breakup would create a problem for a lawsuit as complex as this one.  And surely they knew that sweeping allegations like the ones made here would produce a full-throated defense.

All in all, a 60-day extension balances the competing interests.  On one side of the balance, it's not an unusually long extension for responding to a motion like Macquarie's.  On the other side, Kansas created its own predicament here—electing to retain outside counsel and then part company with them while an early but important motion was pending.  The court thus grants Kansas 60 additional days, extending the time for its response to defendant's Motion to

Dismiss (Doc. 10) until July 29, 2023.  **Kansas should not count on receiving an additional extension for this response.**

**THEREFORE, IT IS HEREBY ORDERED** that plaintiff's Motion for Extension of Time to File Reply to Defendant's Motion to Dismiss (Doc. 21) is granted in part and denied in part.  Plaintiff must respond to defendant's Motion to Dismiss (Doc. 10) no later than July 29, 2023.

**IT IS SO ORDERED.**

**Dated this 2nd day of June, 2023, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**