IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **THE STATE OF KANSAS, ex rel., KRIS W. KOBACH, ATTORNEY GENERAL,**<br><br>*Plaintiff*,<br><br>v.<br><br>**MACQUARIE ENERGY LLC, and JOHN DOES 1 through 10,**<br><br>*Defendants.* | **CIVIL ACTION**<br>**Case No. 5:23-cv-04035-DDC-RES** |

**PLAINTIFF STATE OF KANSAS' MOTION FOR LEAVE TO FILE AMENDED <u>COMPLAINT</u>**

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and D. Kan. Rule 15.1, Plaintiff State of Kansas, through Deputy Attorney General Frances R. Oleen, moves this Court for leave to file an amended complaint, attached in redline form as Exhibit A. In support of its motion, Plaintiff states as follows:

**I.   STAGE OF PROCEEDINGS**

1. Plaintiff filed their original petition on February 15, 2023 in Kansas state court in the Third Judicial District of Shawnee County, Kansas. ECF No. 1.

2. Defendant filed its motion to dismiss on May 8, 2023. ECF No. 10.

3. All deadlines in this case are stayed pending the resolution of Defendant's motion to dismiss. ECF No. 20.

4. Plaintiff has not filed an amended petition in this case.

1

5. Plaintiff seeks to add an allegation that Defendant registered with the CFTC under the Commodity Exchange Act, 7 U.S.C. § 1 *et seq*., on or before December 31, 2012 and remained registered through May 29, 2021.

6. Defendant opposes Plaintiff's motion.

## II.    ANALYSIS

7. Fed. R. Civ. P. 15(a)(1) states:

> A party may amend its pleading once as a matter of course within: (A) 21 days of serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

8. As Plaintiff is seeking to amend its petition more than 21 days after Defendant's motion to dismiss, Plaintiff may amend its complaint "only with the opposing party's written consent or the Court's leave." Fed. R. Civ. P. 15(a)(2). Court should freely grant leave when justice so requires. Fed. R. Civ. P. 15(a)(2). Leave sought should be freely given the absence of "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

9. Plaintiff's motion causes no undue delay and is timely filed. Consistent with Defendant's wishes, the Court delayed all deadlines in this case pending resolution of Defendant's motion to dismiss. One of the three core arguments Defendant's motion presents is a subject-matter jurisdiction issue around Defendant's misrepresentation regarding its registration status at the time of the transaction. Allowing Plaintiff leave to amend its complaint to add language alleging Defendant was registered with the Commodity Futures Trading Commission ("CFTC") at the time of the transaction resolves a major argument in Defendant's motion in

2

Plaintiff's favor, reducing the amount of arguments the Court need consider and may expedite resolution of the motion. Plaintiff recognizes it sought an unusually long extension of time to file a response to Defendant's motion, which Plaintiff intends to file subsequent to this motion. This motion is offered to resolve a potential technical deficit and is not offered to further delay any resolution of the motion by the Court.

10. Plaintiff's motion is made in good faith. To the extent that any allegation of registration is lacking in Plaintiff's petition, such a deficit is merely an oversight. Plaintiff seeks leave of the Court to amend the complaint to rectify that oversight. Defendant raised the registration issue in its motion to dismiss. In so arguing, the motion appeared to imply that Defendant never registered with the CFTC and could therefore never be brought within the subject-matter jurisdiction of the Kansas state court. In fact, Defendant was registered with the CFTC at the time of the transaction, a fact never addressed or suggested in Defendant's motion.

11. Plaintiff's motion is not prejudicial to the Defendant. The full extent of Plaintiff's proposed amendment is adding a fact already well known to the Defendant. This factual allegation resolves a potential technical deficit in Plaintiff's complaint, but does not otherwise materially alter any of the substantive claims of the complaint. This technical change to Plaintiff's complaint resolves some of Defendant's motion, but does not otherwise disturb the claims and arguments already presented to the Court. Nor does Plaintiff's motion disrupt any timeline or deadlines established by the Court as all deadlines are suspended and the litigation is, in effect, in stasis until Defendant's motion is resolved. Plaintiff's proposed amendment is, therefore, not prejudicial to any interest of the Defendant.

12. Finally, Plaintiff's motion is not futile. Defendant's subject-matter jurisdiction argument hinges on a potential technical defect. By resolving the potential technical defect,

Plaintiff can resolve Defendant's subject-matter jurisdiction argument. The remaining elements of Defendant's motion to dismiss are addressed in Plaintiff's response, and, as argued in its response, Plaintiff believes Defendant's motion fails. The only potentially fatal argument for Plaintiff's complaint is if the Court accepts Defendant's argument with respect to the potential, technical defect. As Plaintiff's proposed amendment resolves that defect, and Defendant's other argument should not be persuasive, Plaintiff's proposed amendment is not futile.

13. For the purposes of any statute of limitations, Plaintiff's proposed amendment relates back to its original complaint. An amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). Plaintiff's proposed amendment retains the original factual allegations, original claims, and arises from the original transaction. The proposed amendment does not change any claim. Thus, the amendment relates back to the original complaint.

14. By granting the Plaintiff leave to amend its complaint, the Court serves the interest of justice by avoiding dismissing Plaintiff's petition on grounds of an easily addressable technical defect in the complaint.

### III.   CONCLUSION

WHEREFORE, for good cause shown and as justice so requires, Plaintiff respectfully requests the Court enter an order granting Plaintiff leave to file the attached Amended Complaint.

Dated: July 28, 2023.

Respectfully submitted,

*Frances R. Oleen*
Frances R. Oleen, Kan. Sup. Ct. #17433
Deputy Attorney General
Office of the Kansas Attorney General
120 S.W. 10th Ave., 2nd Fl.,
Topeka, KS 66612-1597
Phone (785) 296-3751
fran.oleen@ag.ks.gov


*Melanie Jack*
Melanie S. Jack, Kan. Sup. Ct. #13213
First Assistant Attorney General
Office of the Kansas Attorney General
120 S.W. 10th Ave., 2nd Fl.,
Topeka, KS 66612-1597
Phone (785) 296-3751
melanie.jack@ag.ks.gov

*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 28th day of July, 2023, a true and correct copy of the above and foregoing was e-filled with the Court's CM/ECF electronic filing system, which provided notice to all parties who have entered an appearance in this action.

*Melanie Jack*
_____

*For Plaintiff*

5